## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DEBORAH CASTILLO,           ) | |
| ) | |
| Plaintiff,      ) | |
| ) | CIVIL ACTION |
| v.                                               ) | |
| ) | No. 13-1344-JWL |
| CAROLYN W. COLVIN,     ) | |
| Acting Commissioner of Social Security,   ) | |
| ) | |
| Defendant.      ) | |
| _____) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Social Security Disability (SSD) benefits and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding error in the ALJ's failure to explain the weight he accorded to Dr. King's opinion, the court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING that decision for further proceedings.

**I.    Background**

Plaintiff applied for SSD and SSI, alleging disability beginning April 1, 2007. (R. 11, 147-57). Plaintiff exhausted proceedings before the Commissioner, and now seeks

judicial review of the final decision denying benefits.  She alleges the Administrative Law Judge (ALJ) erred in discounting the treating source medical opinion and in evaluating the credibility of Plaintiff's allegations of disabling symptoms.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  In judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the factual findings are supported by substantial evidence and whether the ALJ applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC). 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the process. Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the

economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds error in the ALJ's failure to explain the weight he accorded to Dr. King's opinion, and orders remand for a proper evaluation of the medical opinions. Because a credibility determination is a necessary part of every RFC assessment, and because re-evaluation of the record medical opinions will require a new RFC assessment on remand, the court will not provide an advisory opinion regarding the credibility of Plaintiff's allegations. She may make those arguments to the Commissioner on remand.

## II.   Evaluation of the Medical Opinions

Dr. Valdez began treating Plaintiff in December 2010 (R. 417-19) and his last treatment note in the record is dated May 25, 2011. (R. 453). He diagnosed Plaintiff with fibromyalgia based upon 18 positive target points (R. 418) and treated her for fibromyalgia, depression, hypertension, dyslipidemia, and smoking. (R. 453). On May 25, 2011, he completed a medical source statement opining that Plaintiff is able to lift and carry less than 5 pounds, to stand and/or walk less than one hour and to sit for one hour in a workday, and must lie down or recline four times in a workday for more than thirty minutes each time, and that her pain or use of medication causes a decrease in concentration, persistence, or pace. (R. 439-40).

The ALJ decided to accord only "little weight" to Dr. Valdez's opinion because the "extreme limitations" contained therein are not supported by Dr. Valdez's treatment notes or by the examination findings of Dr. King, an orthopedic surgeon who performed

an examination at the request of the agency and provided a report of that examination. (R. 19). The ALJ found that Plaintiff's fibromyalgia symptoms have improved in response to medication, and that the limitations opined by Dr. Valdez are not consistent with Plaintiff's report of activities of daily living "which describe an independent and fairly active lifestyle." Id.

Plaintiff argued that the ALJ erred because he did not specify which part of Dr. King's examination was inconsistent with Dr. Valdez's opinion, and because he did not state the weight he accorded to Dr. King's opinion. (Pl. Br. 13, 15-16). Plaintiff is correct that the ALJ failed to specify what it is about Dr. King's examination findings that is inconsistent with Dr. Valdez's limitations, but the inconsistency is clear from the record. Although as Plaintiff suggests, the ALJ did not specifically state what it is about Dr. King's examination findings that is inconsistent with Dr. Valdez's opinion, even the most cursory examination of Dr. King's report convinces one that it is inconsistent with the significant limitations opined by Dr. Valdez. While the limitations opined by Dr. Valdez would clearly preclude Plaintiff from performing any substantial gainful activity, Dr. King's report would only preclude repetitive use of the left arm above shoulder level, and repetitive flexion and extension of the lumbar spine, and would potentially allow for some range of work. (R. 353-54). While as Plaintiff argues, Dr. King's examination findings are consistent with Dr. Valdez's diagnosis of fibromyalgia, they are clearly not consistent with the limitations of which Dr. Valdez opined.

5

Nevertheless, Plaintiff is correct that the ALJ did not state the weight he accorded to Dr. King's opinion, and that failure is prejudicial to Plaintiff. An ALJ may not ignore any medical opinion, and must explain the weight accorded to each such opinion.

The ALJ acknowledged that Dr. King had provided a report of an examination of Plaintiff that he had performed on June 18, 2010. (R. 17). He summarized Dr. King's findings and concluded that while they support some degree of pain and limited mobility, "they are not consistent with the severe functional limitations alleged by the claimant." Id. In evaluating the opinion of Dr. Siemsen, the state agency medical consultant who reviewed the record at the reconsideration level, the ALJ concluded that Dr. Siemsen's opinion should be given "little weight" in large part because it was "not well supported by the examination findings of Dr. King." (R. 18). Finally, in discounting Dr. Valdez's opinion, the ALJ stated that the limitations opined by Dr. Valdez are not consistent with Dr. King's findings and are not supported by Dr. King's examination findings.

The decision reveals no explanation of the weight accorded to Dr. King's opinion. Because the ALJ specifically relied upon Dr. King's opinion to discount Dr. Siemsen's and Dr. Valdez's opinions, it is clear that he accorded Dr. King's opinion greater weight than the "little weight" he accorded to the opinions of those physicians. However, although Dr. King opined that Plaintiff should avoid repetitive use of the left arm above shoulder level, and repetitive flexion and extension of the lumbar spine, the ALJ did not include these limitations in his summary of Dr. King's report, and did not acknowledge these limitations in the decision. Moreover, the ALJ did not include these limitations in

the RFC assessment, and did not explain why he did not do so.  So far as the decision reveals, the ALJ was not even aware of the limitations to which Dr. King opined.

As Plaintiff argues, opinions from any medical source must not be ignored, and will be evaluated by the Commissioner in accordance with factors contained in the regulations.  20 C.F.R. §§ 404.1527(d), 416.927(d).  Here, the ALJ failed to state the weight he accorded to Dr. King's opinion.  That failure is error because the court cannot determine if or why the limitations assessed by Dr. King were not accepted, or if the decision not to accept such limitations is supported by substantial record evidence.  Moreover, if the court were to decide that the limitations opined by Dr. King are supported by substantial record evidence, there is no record evidence whether such limitations would allow the Plaintiff to perform the representative jobs relied upon by the ALJ, or even if those limitations would allow for substantial gainful activity.

Remand is necessary to evaluate the medical opinions properly.

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING that decision for further proceedings consistent herewith.

Dated this 21st day of October 2014, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**